IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAMILTON INSURANCE DAC, | * | |
| | * | |
| Plaintiff/Counter Defendant, | * | |
| | * | |
| vs. | * | Civil Action No.: 1:22-cv-00282 |
| | * | |
| PFEIFER SUTTER FAMILY, LLC, | * | |
| | * | |
| Defendant/Counter Plaintiff/Third | * | |
| Party Plaintiff | * | |
| | * | |
| vs. | * | |
| | * | |
| JOHNS EASTERN COMPANY, INC.; | * | |
| JOHN STELTER; JAMES CROWELL; | * | |
| J.S. HELD LLC; RIMKUS | * | |
| CONSULTING GROUP, INC.; | * | **JURY TRIAL REQUESTED** |
| JOHN DOES 1-10. | * | |
| | * | |
| Third Party Defendants. | * | |

ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT

PFEIFER SUTTER FAMILY, LLC ("Respondent") responds to the allegations of Petitioner's Petition for Declaratory Judgement and states as follows:

1. Inasmuch as Paragraph 1 contains no allegations of fact directed to Respondent, no response is made thereto. To the extent that Paragraph 1 is interpreted to contain allegations of fact directed to Respondent, the same are denied.

2. Respondent lacks sufficient information upon which to admit or deny the allegations of Paragraph 2, and therefore, denies each and every allegation contained therein.

3. Admitted.

4. Respondent does not contest this Court's jurisdiction based on diversity of citizenship.

5. Admitted.

6. Respondent admits that the amount in controversy is greater than that required for federal jurisdiction, but denies each and every remaining allegation contained in Paragraph 6.

7. Respondent does not contest that venue is appropriate in this Court.

8. Admitted.

9. Respondent admits that Petitioner issued a policy of insurance naming Respondent as insured, the terms of which speak for themselves, but denies each and every remaining allegation contained in Paragraph 9.

10. Admitted.

11. Respondent admits that James Crowell inspected the property on October 2, 2020 but denies that his inspection revealed anything of substance.

12. Respondent admits that is submitted a proof of loss on November 3, 2020, but denies all remaining allegations contained in Paragraph 12.

13. Respondent admits that Petitioner hired J. S. Held, but denies each and every remaining allegation contained in Paragraph 13.

14. Denied.

15. Denied.

16. Denied. Respondent affirmatively states that Petitioner acted in bad faith when it had already reached a coverage decision, but withheld that decision from Respondent.

17. Respondent admits that Petitioner issued a letter on February 6, 2021 purporting to be a coverage decision, but denies each and every remaining allegation contained in Paragraph 17. Respondent affirmatively states that it submitted to an Examination Under Oath (EUO) regarding the building, even though Petitioner now claims that the EUO was related only to business income and personal property losses.

18. Respondent admits that Petitioner sent a check on February 9, 2021, but denies each and every remaining allegation contained in Paragraph 18.

19. Denied.

20. Denied.

21. Admitted.

22. Denied. Respondent affirmatively states that it agreed to participate in an EUO regarding the entire claim. The EUO was scheduled on March 10, 2021, but Petitioner did not appear causing the EUO to be rescheduled.

23. Respondent admits that an EUO occurred on March 24, 2021, but denies each and every remaining allegation contained in Paragraph 23. Respondent affirmatively states that the EUO was conducted in bad faith by Petitioner.

24. Respondent admits that it produced invoices for replacement furniture, but denies that the production of such invoices occurred "just prior to the EUO". Except as expressly admitted herein, Respondent denies each and every remaining allegation contained in Paragraph 24.

25. Respondent admits that Petitioner paid policy limits for business income losses, but denies each and every remaining allegation contained in Paragraph 25.

26. Respondent admits that an invoice from CPS Enterprises was submitted, but denies each and every remaining allegation contained in Paragraph 26.

27. Admitted.

28. Respondent admits that a check was issued on April 22, 2021 in the amount of $50,000.00, but denies each and every remaining allegation contained in Paragraph 28.

29. Denied.

30. Denied.

31. Respondent admits that the parties agreed to mediate but denies that the mediation was unsuccessful. Respondent affirmatively states that Petitioner appeared at the mediation unprepared to proceed. Before negotiations could begin, Petitioner advised the Mediator that it did not have sufficient information to proceed and that the mediation must be rescheduled. Petitioner never sought to reconvene the mediation. Except as expressly admitted herein, Respondent denies each and every remaining allegation contained in Paragraph 31.

32. Respondent lacks sufficient information upon which to admit or deny the allegations of Paragraph 32, and therefore denies each and every allegation contained therein.

33. Admitted.

34. Denied. Respondent affirmatively states that the appraisal award is binding on Petitioner.

35. Respondent admits that the policy speaks for itself, but denies each and every remaining allegation contained in Paragraph 35.

36. Respondent responds to Paragraph 36 in the same and identical fashion as it responded to the allegations contained in Paragraphs 1 through 35.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Respondent lacks sufficient information upon which to admit or deny the allegations of Paragraph 41, and therefore denies each and every allegation contained therein.

<u>Affirmative Defenses</u>

1. Petitioner's Petition and each and every cause of action alleged therein, fails to state a claim upon which relief may be granted.

2. Petitioner's claims are barred by the doctrine of accord and satisfaction.

3. Petitioner's claims are barred by the doctrine of arbitration and award.

4. Petitioner's claims are barred by the doctrine of assumption of the risk.

5. Petitioner's claims are barred by the doctrine of contributory negligence.

6. Petitioner's claims are barred by the doctrine of duress.

7. Petitioner's claims are barred by the doctrine of estoppel.

8. Petitioner's claims are barred by failure of consideration.

9. Petitioner's claims are barred by fraud.

10. Petitioner's claims are barred by illegality.

11. Petitioner's claims are barred by the doctrine of injury by fellow servant.

12. Petitioner's claims are barred by the doctrine of laches.

13. Petitioner's claims are barred by the doctrine of license.

14. Petitioner's claims are barred by payment.

15. Petitioner's claims are barred by the doctrine of release.

16. Petitioner's claims are barred by the doctrine of res judicata.

17. Petitioner's claims are barred by statute of frauds.

18. Petitioner's claims are barred by the doctrine of waiver.

COUNTERCLAIM & THIRD PARTY COMPLAINT

COMES, Pfeifer Sutter Family, LLC, through counsel, for its complaint, it states:

Parties & Jurisdiction

1. Pfeifer Sutter Family, LLC (hereinafter "PSF") is an Arkansas Limited Liability Company that owns real property located at 1328 W. Lagoon Ave. in Gulf Shores, Alabama.

2. Hamilton Insurance DAC (hereinafter "Hamilton") is a company that insures real property owed by PSF in Alabama.

3. Johns Eastern Company, Inc. (hereinafter "Company") is a Florida Corporation who is licensed to do business in the State of Alabama. Company may be served at CT Corporation 2 N JACKSON STREET STE 605 MONTGOMERY, AL 36104.

4. John Stelter (hereinafter "Stelter") is an insurance adjuster licensed by the State of Alabama. Stelter is a resident and citizen of Florida who adjusted PSF's claim.

5. James Crowell (hereinafter "Crowell") is an insurance adjuster who adjusted PSF's claim.

6. J.S. Held, LLC is a New York Limited Liability Company who is licensed to do business in the State of Alabama. J.S. Held contracted with Hamilton to conduct a site survey at PSF's property in Gulf Shores, Alabama. JS Held may be served at CORPORATION SERVICE COMPANY INC 641 SOUTH LAWRENCE STREET MONTGOMERY, AL 36104.

7. Rimkus Consulting Group, Inc. (hereinafter "Rimkus") is a Houston corporation that is licensed to do business in the State of Alabama. Rimkus did a site survey on PSF's property.

8. John Does 1-10 are employees of Company, Hamilton, JS Held, or Rimkus who were involved with PSF's claim.

9. This Court has personal and subject matter jurisdiction over this action under 28 U.S.C. § 1331 & 1332. This Court has supplemental jurisdiction over the state claims under 28 U.S.C § 1367.

10. Since the actions giving rise to this action occurred in this district, then venue is proper under 28 U.S.C. § 1391(b).

General Allegations of Fact

11. PSF owns real property known as 1328 W. Lagoon Ave. Units A & B Gulf Shores, AL 36542 (hereinafter "Property").

12. In September 2020, Hurricane Sally made land fall in Gulf Shores, Alabama causing damage to the property.

13. This damage includes blowing the doors of the property open, damaging the sidings, and ripping off the attic vent.

14. These damages caused massive water damage to the property such that the causes were indistinguishable.

15. PSF filed a claim promptly after the hurricane.

16. The claim was assigned to the Company for adjusting with Crowell and Stelter being the individual adjusters.

17. Crowell did a site inspection and sent the results to Stelter.

18. Upon information and belief, Stelter further transmitted this information to the Company and Hamilton.

19. This information was then communicated by mail and the internet with an intent to defraud PSF.

20. The initial site inspections were intentionally false and concluded that most of the damage done to PSF's property was by wind driven rain. Instead, most of the damage was done by storm created openings, as Hamilton's appraiser ultimately concluded.

21. Rimkus and JS. Held both conducted inspections on the property. These inspections were similarly erroneous and intended to defraud PSF. PSF requested that the inspection be videotaped, but Defendants refused because the video would have debunked their fraudulent denial of the claim. Eventually, Hamilton paid just a small percentage of Plaintiff's damages. But Stelter was not done.

22. Stelter continued his charade by asking for an examination under oath (EUO).

23. During the EUO, Hamilton and Stelter spent hours questioning PSF. The EUO was conducted in bad faith and was solely intended to harass PSF.

24. Then Hamilton requested that PSF mediate the claim. Hamilton made a low ball offer which was intended to extort and further harass PSF.

25. PSF rejected the offer, so Hamilton fraudulently claimed they needed more information.

26. Hamilton had sufficient information to make a claim decision, but they just refused to do so to harass and defraud PSF. Consequently, Hamilton adjourned the mediation.

27. Once Hamilton made clear they would not participate in mediation in good faith, the appraisal process was invoked.

28. The parties each selected an appraiser, which cost PSF $7500.00. But Hamilton never intended to pay.

29. Both the appraisers agreed on the damages and issued an award.

30. Hamilton refused to accept the award in breach of their obligations under the policy.

COUNT I - BAD FAITH

31. PSF realleges the foregoing paragraphs 1-30 as if fully setout herein.

32. Hamilton and third party defendants had a duty to act in good faith in the handling of PSF's claim.

33. Hamilton and third party defendants acted in bad faith.

34. As a direct and proximate cause of Hamilton & third party defendants actions, PSF has suffered compensatory damages in an amount to be proven at trial.

35. Hamilton & Third-Party Defendant's actions have been so egregious as to warrant the imposition of punitive damages.

COUNT II - BREACH OF CONTRACT

36. PSF realleges the foregoing paragraphs 1-30 as if fully setout herein against Hamilton only.

37. The policy requires Hamilton to accept the results of the appraisal.

38. Hamilton refuses to accept the results of the appraisal.

39. This breaches the contract between PSF & Hamilton.

40. As a direct and proximate cause of Hamilton breach, PSF has suffered compensatory damages in an amount to be proven at trial.

COUNT III - FRAUD

41. PSF realleges the foregoing paragraphs 1-30 as if fully setout herein.

42. Hamilton and Third-Party Defendants made numerous false representations of material facts as alleged more specifically herein.

43. PSF justifiably relied on these representations to its detriment.

44. As a direct and proximate cause of Hamilton & Third-Party defendants' actions, PSF has suffered compensatory damages in an amount to be proven at trial.

45. Hamilton & Third-Party Defendants' actions have been so egregious as to warrant the imposition of punitive damages.

WHEREFORE, Pfeifer Sutter Family LLC prays that judgment be entered in its favor, that it be awarded appropriate compensatory and punitive damages in excess of $500,000, for fees, for costs, and for all other proper relief.

s/Daniel G. Blackburn
DANIEL G. BLACKBURN / BLACKD1091
(ASB 1091-B58D)
Attorney for Respondent
E-mail: dblackburn@blackburnpc.com

OF COUNSEL:

BLACKBURN & CONNER, P.C.
Attorneys at Law
Post Office Box 458
Bay Minette, Alabama 36507
(251) 937-1750

**DEFENDANT/COUNTER PLAINTIFF/THIRD PARTY PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Defendants may be served via certified mail as follows:

JOHNS EASTERN COMPANY, INC.
c/o CT Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104

JOHN STELTER
224 Desota Road
West Palm Beach, FL 33405

JAMES CROWELL
1719 W. Quitman
St. Iuka, MS 38852

J.S. HELD LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

RIMKUS CONSULTING GROUP, INC.
c/o CT Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104

CERTIFICATE OF SERVICE

I, Daniel G. Blackburn, attorney for Respondent in the above-styled action, hereby certify that on the 11th day of August, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system, which will send notification of such filing via email to the following:

Natalie A. Daugherty
Galloway, Johnson, Tomkins, Burr & Smith PLC
63 S. Royal Street, Suite 302
Mobile, AL 36602
Attorney for Petitioner

s/Daniel G. Blackburn
DANIEL G. BLACKBURN