**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HAMILTON INSURANCE DAC,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No.: 1:22-cv-00282** |
| | ) | |
| **PFEIFER SUTTER FAMILY LLC** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MOTION TO DISMISS BY**
**JOHNS EASTERN CO. INC., JOHN STELTER,**
**J.S. HELD LLC & RIMKUS CONSULTING GROUP, INC.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Johns Eastern Co., Inc., John Stelter, J.S. Held, LLC, and Rimkus Consulting Group, Inc. move to dismiss the third party complaint brought against them by Pfeifer Sutter Family LLC, for failure to state a claim upon which relief may be granted, stating as follows:

## INTRODUCTION

This is an insurance case. Hamilton Insurance DAC issued a Commercial Property Policy to named insured Pfeifer Sutter Family, LLC for real property located in Gulf Shores. The coverage dispute arises out of the application of the Policy's Wind Driven Rain Limitation to property damage caused by Hurricane Sally. Hamilton filed a declaratory judgment action July 18, 2022. (Doc. 1.) Pfeifer Sutter Family LLC responded with counterclaims for bad faith, breach of contract, and fraud against Hamilton, and a third party complaint against Johns Eastern Co., Inc., John Stelter, J.S. Held, LLC, and Rimkus Consulting Group, Inc. for bad faith and fraud. (Doc 7.) Johns Eastern, Stelter, J.S. Held, and Rimkus ask this Court to dismiss the third

party complaint against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

The pleading standards in the Federal Rules of Civil Procedure demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 678. Alleging facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Dismissal is also proper "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support a cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Additionally, fraud and misrepresentation claims must satisfy Rule 9(b)'s heightened pleading standard, by "stat[ing] with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To meet that standard, the complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citations and quotation marks omitted).

# ARGUMENT

**Non-Contractual Parties Cannot Be Liable for Bad Faith.**

The third party complaint does not allege that Johns Eastern, John Stelter, J.S. Held, or Rimkus were parties to the insurance contract. (Doc 7.) It is undisputed that the insurance contract at issue is only between Hamilton Insurance DAC and Pfeifer Sutter Family, LLC. (Policy Declarations, Doc. 1-1, p. 3) Pfeifer Sutter Family, LLC did not assert a claim for breach a contract against these third parties, assumingly because it knows non-contractual parties cannot be liable for breach of contract under Alabama law.

Because Pfeifer Sutter Family, LLC cannot maintain an action for breach of contract against the third party defendants, it cannot maintain an action for bad faith against them under Alabama law. *Jones v. State Farm Fire & Cas. Co.*, No. 21-cv-308-KD-C, 2021 WL 4806745, at *3 (S.D. Ala. Sept. 23, 2021); *Walsh, et al. v. Chubb, et al.*, No. 4:20-cv-00510-HNJ, 2020 WL 8175594, at *11 (N.D. Ala. Oct. 21, 2020) (citing *Holderfield v. Allstate Ins. Co.*, No. 4:13-cv-074-RBP, 2014 WL 1600309, at *2 (N.D. Ala. Apr. 21, 2014); *see also Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So.2d 283, 285 (Ala. 1989) (The tort of bad faith is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract, by a party to that insurance contract); *Sparks v. Allstate Indem. Co.*, No. 07-J-2233-J, 2007 WL 9711945, at *2 (N.D. Ala. Dec. 20, 2007).

Considering this, the third party claim for bad faith (Count I) against Johns Eastern Co., Inc., John Stelter, J.S. Held, LLC, and Rimkus Consulting Group, Inc. is due to be dismissed with prejudice.

**The Fraud Allegations Are Not Pled with Particularity.**

Under Alabama law, "misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted upon by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." ALA. CODE § 6-5-101. Regardless of whether the opposing party rendered the representation willfully, recklessly, or mistakenly, a plaintiff must allege the following elements for its fraud claim: the defendant made a false representation regarding a material fact; the plaintiff relied upon the false representation; and the plaintiff suffered actual injury as a result of that reliance. *Aliant Bank, a Div. of USAmeribank v. Four Star Investments, Inc.*, 244 So. 3d 896, 928 (Ala. 2017)).

Federal Rule of Civil Procedure 9(b) requires Pfeifer Sutter Family, LLC to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). In the Eleventh Circuit, Pfeifer Sutter Family, LLC must include the following to satisfy that requirement:

> (1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled [it]; and (4) what the [Hamilton] gained by the alleged fraud. A bare allegation of reliance on alleged misrepresentations, bereft of any additional detail, will not suffice under Rule 9(b). Simply alleging the technical elements of fraud without providing ... underlying supporting details will not satisfy the rule's pleading-with-particularity requirement.

*Walsh, et al. v. Chubb, et al.*, No. 4:20-cv-00510-HNJ, 2020 WL 8175594, at *12 (N.D. Ala. October 21, 2020) (citing *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019), *cert. denied*, No. 19-1185, 2020 WL 2814788 (U.S. June 1, 2020)) (internal citations and quotations omitted).

Pfeifer Sutter Family, LLC's third party claim for fraud in Count III does not meet any of these requirements. (Doc. 7.) Instead, the fraud count summarily alleges that "Hamilton and Third-Party Defendants made numerous false representations of

material facts" and that it "justifiably relied on these representations to its detriment." (Doc. 7 at 11.) Absent from these allegations is any sort of specification regarding what statements were made, when they were made, who made the statements, how any such statements would mislead it, or what any of the defendants could have obtained from any alleged fraudulent statements. The defendants are all lumped together. This does not meet the requirements of Rule 9(b). As such, Count III should be dismissed against the third party defendants. *See Ziemba* at 1202; *Safe Loads Brokering, LLC, et al. v. Nat'l Fire & Marine Ins. Co.*, 2:21-cv-1168-KOB, 2021 WL 5100965, at *3 (N.D. Ala. November 2, 2021) (claims did not meet the standard of Rule 9(b) because they did not include "precisely what statements were made"); *see also Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (claims did not meet the standard of Rule 9(b) where complaint "lumped together all of the defendants in their allegations of fraud").

Considering this, the third party claim for fraud (Count III) against Johns Eastern Co., Inc., John Stelter, J.S. Held, LLC, and Rimkus Consulting Group, Inc. is due to be dismissed with prejudice.

## CONCLUSION

Pfeifer Sutter Family, LLC's third party complaint against Johns Eastern Co., Inc., John Stelter, J.S. Held, LLC, and Rimkus Consulting Group, Inc. fails to state a claim upon which relief can be granted and should be dismissed, in its entirety, with prejudice.

/s/ *Natalie A. Daugherty*
NATALIE A. DAUGHERTY
(ASB-6494-A55D)
Galloway, Johnson, Tompkins, Burr & Smith PLC
63 S. Royal Street, Suite 302
Mobile, Alabama 36602

Telephone: (251) 438-7850
Facsimile: (251) 438-7875
ndaugherty@gallowaylawfirm.com
Attorney for Hamilton Insurance DAC, Johns Eastern Co., LLC, John Stelter, J.S. Held, LLC, and Rimkus Consulting Group, Inc.

CERTIFICATE OF SERVICE

I, Natalie A. Daugherty, attorney for Petitioner in the above-styled action, certifies that on the 6th day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification of such filing via email to the following:

Daniel G. Blackburn
Blackburn & Conner PC
Post Office Box 458
Bay Minette, Alabama 36507
Phone: (251) 937-1750
E-mail: dblackburn@blackburnpc.com
Attorney for Pfeifer Sutter Family, LLC

The following defendants will be served with copies of the filing via email or U.S. First Class Mail:

JAMES CROWELL
1719 W. Quitman
St. Iuka, MS 38852

/s/ *Natalie A. Daugherty*
NATALIE A. DAUGHERTY