IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAMILTON INSURANCE DAC, | : | |
| Petitioner/Counter Defendant, | : | |
| vs. | : | Civil Action No. 22-0282-KD-MU |
| PFEIFER SUTTER FAMILY LLC, | : | |
| Respondent/Counter Plaintiff. | : | |

**ORDER**

This action is before the Court on the Motion for Leave to Amend Counterclaim filed by Defendant Pfeiffer Sutter Family, LLC (doc. 47), the response filed by Plaintiff Hamilton Insurance DAC (doc. 49) and Pfeiffer's reply (doc. 51). **Upon consideration and for the reasons set forth herein, the Motion is GRANTED in part. Pfeiffer is granted leave to amend Count I and II but denied leave to amend Count III. Additionally, Pfeiffer included the former Third-Party Defendants in Counts I and II of the proposed amended counterclaim although they are not identified as Third-Party Defendants in the section identifying the parties (See doc. 47-1, p. 75). Thus, the Court assumes that Pfeiffer did not intend to resurrect any claims against the former Third-Party Defendants. This appears to be an oversight which should be corrected when the amended counterclaim is filed.**

Accordingly, Pfeiffer shall file on or before August 28, 2023, an amended counterclaim which complies with this order, and Hamilton shall file its answer or otherwise respond on or before September 5, 2023.

1

I. Background

Hamilton filed this declaratory judgment action against Pfeiffer seeking a declaration of its rights and obligations under an insurance policy issued to Pfeiffer for damage to property resulting from Hurricane Sally (doc. 1). Pfeiffer originally plead a counterclaim for breach of contract against Hamilton, and a counterclaim and third-party complaint for bad faith and fraud against Hamilton and five third-party defendants – Johns Eastern Company LLC, John Stelter, James Crowell, J.S. Held LLC, and Rimkus Consulting Group, Inc. (doc. 7, doc. 40). The counterclaim was based on issues involving the inspections of the property. Pfeiffer alleged that the damage was caused by storm created openings but the inspectors falsely concluded that the damage was caused by wind driven rain. The counterclaim was also based on issues involving the appraisal process. Pfeiffer alleged that Hamilton refused to accept the appraisals and refused to pay the appraised amounts.

The bad faith claim (Count I) against the third-party defendants was dismissed with prejudice (doc. 40). The fraud claim (Count III) against Hamilton and the third-party defendants was dismissed without prejudice for failure to plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure (Id.) At that point, the breach of contract (Count II) and bad faith claims remained against Hamilton.

Pfeiffer now moves the Court for leave to amend its counterclaim to add facts that were discovered during expert witness discovery (doc. 47). Pfeiffer states that it is not adding any additional claims but only additional factual allegations to support the existing counterclaim against Hamilton. Review of the proposed amended counterclaim shows that Pfeiffer realleges the dismissed fraud claim against Hamilton (Count III), as well as new factual allegations to support Counts I and II. Based upon its expert witness report, Pfeiffer alleges that it "now has access to new

2

and critical information that underscores the Hamilton Team's coverage determinations made to date and shows that they did not properly investigate or adjust" Pfeiffer's insurance claim (doc. 47, p. 3). Pfeiffer alleges that it "did not know or have reason to know that Hamilton and Hamilton's team had wrongfully and poorly investigated the damage to the Property during the insurance claim." (Id., p. 6). Thus, as further grounds for its breach of contract, bad faith and fraud claims, Pfeiffer seeks to add factual allegations related to the investigation and the decisions regarding coverage that were based on the investigation.

The initial Rule 16(b) Scheduling Order set October 31, 2022, as the deadline for amendment to pleadings (doc. 37). Thus, Pfeiffer seeks to amend its counterclaim after the Rule 16(b) deadline has expired.

II. Analysis

Pfeiffer argues that good cause to amend exists because it had no reason to know that Hamilton had "wrongfully and poorly" investigated the damage until after Pfeiffer's expert provided his report (doc. 47). Pfeiffer argues that it diligently pursued discovery including obtaining an expert report within the extended time period. Pfeiffer also argues that the interests of fairness indicate that it should be allowed to amend its counterclaim. Pfeiffer points out that discovery was extended as to both parties on their joint motion and that Hamilton may depose the expert during the time remaining for discovery. Pfeiffer also points out that the original time frame for motions for leave to amend was short. The Rule 16(b) Scheduling Order setting the deadline was entered October 5, 2022, and the deadline for motions to amend the pleadings was October 31, 2022. Pfeiffer argues that this short time frame did not provide sufficient time to pursue discovery which may provide information to support an amendment.

Hamilton argues that Pfeiffer has not shown good cause and diligence. Hamilton points out that Pfeiffer did not issue any discovery until after the deadline for motions for leave to amend the pleading. Hamilton also asserts that Pfeiffer could have retained an expert, obtained an expert report, and filed its motion before deadline. Hamilton also argues that Pfeiffer seeks to add a new claim, not just new facts to support its existing claims. Hamilton argues that Pfeiffer's original counterclaim was based on an alleged failure to accept and pay the appraisal award, but the new facts create claims against Hamilton based upon its coverage analysis and the scope of coverage under the Policy (doc. 49).

In Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas, No. 21-12817, 2022 WL 2313980 (11th Cir. June 28, 2022), the Court of Appeals for the Eleventh Circuit explained the process for allowing an amendment after the deadline has expired, as follows:

> Federal Rule of Civil Procedure 16(b)(1) requires that a district court judge 'must issue a scheduling order' in cases before it, with limited exceptions not applicable here. A district court's "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.' Fed. R. Civ. P. 16(b)(3)(A). Once a district court issues its scheduling order, the order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where a party seeks a modification of the scheduling order or seeks leave to amend the complaint after the deadline in the scheduling order has passed, it must satisfy Rule 16's good cause requirement, rather than the more lenient "when justice so requires" standard under Federal Rule of Civil Procedure 15. [See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418-19 (11th Cir. 1998)].
>
> The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " Id. (quoting Fed. R. Civ. P. 16 advisory committee's note). This Court has considered the diligence of the party seeking leave to amend as a factor in the good cause analysis. See, e.g., Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008); Sosa, 133 F.3d at 1419. Determining a party's diligence is a fact intensive analysis, ...

Insight Sec., Inc., 2022 WL 2313980, at *6. As part of the factual analysis, the district court may consider the procedural posture of the action and whether the information was available

4

to the movant before the deadline. Id.

After the Rule 16(b) Scheduling Order was entered on October 5, 2022, there was scant discovery. The third-party defendants filed notice of their initial disclosures (doc. 39) and Pfeiffer served discovery requests on Hamilton on January 18, 2023 (doc. 44). Also, during this time, Pfeiffer's counsel withdrew, and it retained new counsel.

On February 24, 2023, the parties jointly moved to extend discovery deadlines and the expert witness deadlines (doc. 45). In the joint motion, the parties stated that "unfortunately, both sides agree that additional time is needed to collect and gather documents from each other, additional time to answer and respond to discovery requests, and additional time to receive documents from various third parties and to conduct depositions" (Id.). And the parties' reported they had "jointly agreed to extend the expert disclosure deadlines in this case". The motion was granted on February 27, 2023 (doc. 46).[1]  Within two weeks, Pfeiffer obtained an expert report from a professional engineer and moved to amend its counterclaim (doc. 47). Under the new schedule, discovery does not end until September 29, 2023, and dispositive motions are due October 27, 2023 (doc. 46).

The Court finds good cause to allow the proposed amended counterclaim. Although Pfeiffer did not move to amend before the deadline, the parties jointly agreed to an extended discovery period. And shortly into that period, Pfeiffer obtained the expert report and promptly filed the motion for leave to amend. Thus, Pfeiffer obtained this information during the discovery period and did not delay its request to amend. Sosa, 133 F. 3d at 1419. Hamilton argues that Pfeiffer could

---

[1] Hamilton served notice of its expert disclosures on May 5, 2023 (doc. 54) and Pfeiffer served notice of its expert disclosures on June 9, 2023 (doc. 55).

5

have obtained the information before the deadline expired if it had retained an expert witness earlier in the litigation. Arguably, Pfeiffer could have done so. However, Pfeiffer retained the expert, obtained the report, and promptly filed its motion for leave to amend before the deadline for Pfeiffer's expert disclosure. Additionally, the Court notes the short time period – approximately one month - between the beginning of discovery and deadline for motions for leave to amend. Even the most diligent party likely could not retain an expert, obtain a report, and file a motion based on evidence in that report, during that short time period.

Having found good cause to allow the amendment, the Court looks to whether an amendment is proper under Rule 15(a)(2). Sosa, 133 F. 3d at 1419. Rule 15(a)(2) instructs the district court that it "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted); Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001) (explaining that overall "there must be a substantial reason to deny a motion to amend.").

The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir.2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx.

805, 810 (11th Cir. 2015) (same).

Review of the docket indicates that Pfeiffer has not engaged in any undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies. The parties jointly moved to extend discovery; thus, any delay was at their joint request. Hamilton is not unduly prejudiced by the amendment. Hamilton was served with Pfeiffer's proposed amended complaint in March 2023, thus putting it on notice of the claims therein, and Pfeiffer's expert report was disclosed to Hamilton on June 9, 2023. Discovery does not end until September 29, 2023, and the dispositive motions are not due until October 27, 2023.

Hamilton also argues that allowing the amended fraud counterclaim (Count III) would be futile, because it is the same as the original counterclaim, which was dismissed for failure to plead with specificity as required by Fed. R. Civ. P. 9. Hamilton argues that the "same grounds as the prior dismissal" renders futile the proposed amended counterclaim (doc. 49, p. 5). Pfeiffer did not respond to the argument (doc. 51).

Pfeiffer did add new factual allegations, but a review of Count III in the proposed amended counterclaim indicates that it is identical to the original Count III (compare doc.7, p. 11, counterclaim with doc. 47-1, p. 81, proposed amended counterclaim) including the incorporation by reference paragraphs 1 through 30.   However, as previously stated by the Magistrate Judge,

> Under Alabama law, '[t]he elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence.'" Rivers v. Liberty Mut. Ins,, 2020 WL 6395452, *2 (M.D. Ala. Nov. 2, 2020), quoting Brushwitz v. Ezell, 757 So.2d 423, 429 (Ala. 2000). And for fraud claims brought in federal court, like Pfeifer's, a higher threshold of specificity is required; under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To plead a fraud claim with particularity under Rule 9(b),

> therefore, the subject pleading (here, the counterclaim/third-party complaint) must "set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (citations omitted), cert. denied, 568 U.S. 814, 133 S.Ct. 109, 184 L.Ed.2d 23 (2012).

(Doc. 35).

Again, the allegations of fact do not allege the statements or omissions made in any specific document or oral representation; the time, place and person who made the statements or omissions; the content and manner the statements misled Pfeiffer; and what Hamilton obtained as a consequence of the alleged fraud. Instead, Pfeiffer added a general allegation that it relied on Hamilton and its representatives to properly investigate the claim and issue full payment (doc. 47-1, p. 76, ¶ 13) and several paragraphs which appear more relevant to the breach of contract claim, the bad faith claim, and damages (doc. 47-1, p. 77, ¶¶ 17-22, p. 79, ¶¶ 30, 33, 34). Accordingly, allowing the amended counterclaim to include this claim of fraud would be futile, in that it would be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

DONE and ORDERED this 21st day of August 2023.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE.